Jan LISTER, Claimant–Appellant,

v.

Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.

No. 03–7100.

United States Court of Appeals, Federal Circuit.

July 2, 2003.

Before MAYER, Chief Judge, LOURIE, and CLEVENGER, Circuit Judges.

ON MOTION

LOURIE, Circuit Judge.

*ORDER*

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Jan Lister's appeal for lack of jurisdiction or, in the alternative, for summary affirmance of the United States Court of Appeals for Veterans Claims' decision dismissing Lister's' appeal for lack of jurisdiction. Lister has not responded.

Lister filed a notice of appeal with the Court of Appeals for Veterans Claims from a September 3, 2002 Board decision pertaining to her husband. In Lister's husband's Board decision, the Board noted that Lister "has made statements suggesting she is also a veteran," but noted that she had failed to submit "the required documentation of service." The Secretary moved to dismiss Lister's appeal because, in the absence of a final Board decision as to any benefits claim filed by Lister (as opposed to her husband), Lister had not exhausted her administrative remedies. Finding no Board decision in Lister's name on the record, the Court of Appeals for Veterans Claims directed Lister to show cause why her appeal should not be dismissed for failure to appeal from a final Board decision. In response, Lister "argue[d] that she is entitled to benefits but [did] not address the Court's jurisdiction" to review her appeal in the absence of a final Board decision. Because there was no final Board decision in Lister's name to review, the Court of Appeals for Veterans Claims dismissed Lister's appeal pursuant to 38 U.S.C. § 7266(a). Lister appealed.

Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Court of Appeals for Veterans Claims. *See Forshey v. Principi,* 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). Lister's appeal does not satisfy any of the grounds for invoking this court's jurisdiction. In her informal brief, Lister states that she is "entitled to 1% of the national debt" pursuant to 15 U.S.C. § 1692 (concerning debt collection practices) and cites

38 U.S.C. § 5101 (concerning claims, effective dates, and payments of veterans' benefits) with no explanation other than an allegation that because she has been deemed disabled by the Social Security Administration, she is entitled to "all benefits." She also lists "Veterans Claims Assistance Act and ADA" and asserts that the Court of Appeals for Veterans Claims "failed to decide the human factor 42 U.S.C. § 1983." Lister fails to explain how the Court of Appeals for Veterans Claims' decision involved the validity or interpretation of any of these statutes and she does not elaborate on any alleged constitutional issues other than stating "everything is done by the court to prolong due process." Her informal brief makes no mention of the Court of Appeals for Veterans Claims' application or interpretation of section 7266 pertaining to Lister's failure to appeal from a final Board decision adjudicating any claim for benefits she might have.

Lister asks this court to "provide due process and credit where credit is due," and states that she is entitled "to food dollars, medical care, house payments, lump-sum payments, free legal help, home improvements, pensions, dental care, [social security] supplements, clothing, transportation, heat and air, lights, telephone, water." However, because Lister fails to make any specific claims concerning constitutional issues or the validity or interpretation of any statute or regulation implicated by the Court of Appeals for Veterans Claims' decision, Lister's appeal is not within this court's jurisdiction. *See* 38 U.S.C. § 7292.

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motion to waive the requirements of Fed. Cir. R. 27(f) is granted.

(2) The Secretary's motion to dismiss is granted.

(3) The Secretary's alternative motion for summary affirmance is moot.

(4) Each side shall bear its own costs.